IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CROWN POINTE CONDOMINIUM OWNERS ASSOCIATION, et al.,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION 05-0172-WS-C |
| **SHERIDAN CONSTRUCTION COMPANY, INC., et al.,** | ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on sua sponte review of its subject matter jurisdiction. The Court afforded the parties an opportunity to address the jurisdictional issue, (Doc. 12), and they have done so. (Docs. 13, 14). After carefully reviewing these submissions, as well as other relevant materials in the file, the Court concludes that this action is due to be remanded.

As set forth in the Court's previous order, this matter was removed on the basis of federal question jurisdiction after Audubon Insurance Co. ("Audubon") was added as a party plaintiff, even though the complaint alleges only state-law claims of negligence and wantonness. The defendants argue that federal law "created the cause of action" being pursued by Audubon. They explain that the funds Audubon used to pay the insurance claims of the original plaintiffs came from the federal government and that federal law constitutes Audubon a "fiduciary" and "fiscal agent" of the federal government, requiring Audubon to pursue recoupment of the expended funds "without waiver." (Doc. 13 at 2-4).

This is an excellent explanation of why Audubon should be interested in suing the defendants, but it has nothing whatsoever to do with the jurisdictional inquiry. That federal law obligates Audubon to pursue its state-law claims does not magically convert those state-law claims into federal claims. Put another way, federal law may create an obligation for Audubon to sue, but it does not create the causes of action for which Audubon sues.

The defendants also peg removal to 42 U.S.C. § 4072. As the Court previously pointed out,

that section addresses only suits by insureds, and Audubon is not an insured.  The defendants fret that, unless suits by insurers are likewise guaranteed a federal forum, "the significant federal interest which precipitated the grant of exclusive federal jurisdiction under § 4072 would be defeated."  (Doc. 13 at 5).  The defendants, however, have suggested no authority pursuant to which this Court could ignore the pellucid language of Section 4072 and bestow federal jurisdiction despite Congress's decision not to do so.

Finally, the defendants suggest that, since Audubon has filed a motion to substitute two federal agencies as parties plaintiff, (Doc. 7), remand would be pointless.  (Doc. 13 at 6-7).  Federal jurisdiction, however, is measured as of the time of removal, and later events cannot bestow jurisdiction that did not exist at that time.  *E.g., Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)("Removability should be determined according to the plaintiff's pleading at the time of the petition for removal.")(internal quotes omitted).[1]

For the reasons set forth above, this case is hereby **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 25th day of April, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] Nor, should the federal agencies be substituted in state court, is it obvious that the defendants could remove this action.  At least one of the defendants is alleged to be an Alabama corporation.  (Third Amended Complaint, ¶ 4).  If true, this status would preclude removal of "[a]ny civil action of which the district courts [do not] have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b).  As noted herein and in the Court's previous order, the existing claims for negligence and wantonness do not "arise under" federal law.